**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**OCALA DIVISION**

ANGEL M. HARRIS,

    Plaintiff,

v.                                                     Case No:  5:15-cv-529-Oc-30PRL

CELLCO PARTNERSHIP d/b/a
Verizon Wireless and JAMES SLOAN,

    Defendants.
_____/

## ORDER

THIS CAUSE comes before the Court upon Defendant Cellco Partnership's ("Verizon Wireless") Motion to Dismiss Counts III and VI of the Complaint (Doc. 6) and Plaintiff's response in opposition (Doc. 12). The Court, having reviewed the motion and response, and being otherwise fully advised in the premises, concludes that Verizon Wireless's motion to dismiss should be granted.

### BACKGROUND[1]

Plaintiff worked as a retail sales representative for Verizon Wireless from November 26, 2007, until May 30, 2014. Plaintiff asserts that she, along with several other female employees, suffered discrimination and a hostile work environment at the hands of her supervisor James Sloan while she worked at a Verizon Wireless location in Lady Lake,

---

[1] The following facts are from Plaintiff's complaint and are accepted as true for the purposes of resolving Verizon Wireless's motion to dismiss. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007)

Florida. Plaintiff alleges that Mr. Sloan treated female sales representatives differently than male sales representatives in that Mr. Sloan would ridicule and belittle the female sales representatives, would speak to them in a condescending manner, and would embarrass them in front of customers and other employees. Mr. Sloan would call Plaintiff "stupid" and a "bitch." He referred to the female sales representatives as "f****** idiots" and would make statements such as "I do not believe women should be on the sales floor." Mr. Sloan would also direct the best sales opportunities to male sales representatives.

Although Plaintiff complained to Verizon Wireless's human resources department, Verizon Wireless did not investigate Plaintiff's complaints or take any remedial action. Plaintiff asserts that Mr. Sloan eventually terminated her employment with Verizon Wireless because of her gender and because she complained about the discrimination. Consequently, Plaintiff initiated this action against Verizon Wireless asserting claims for (1) gender discrimination under the Florida Civil Rights Act ("FCRA"), Fla. Stat. § 760.10, for a tangible employment action (Count I), (2) gender discrimination under the FCRA for an intangible employment action (Count II), (3) pattern and practice discrimination under the FCRA (Count III), (4) negligent training (Count IV), (5) negligent supervision and retention (Count V), and (6) intentional infliction of emotional distress (Count VI).

Verizon Wireless currently seeks dismissal of Counts III and VI of Plaintiff's complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) arguing that Plaintiff has failed to establish a claim upon which relief could be granted.

**DISCUSSION**

Pursuant to Federal Rule of Civil Procedure 12(b)(6), a complaint may be dismissed for failure to state a claim upon which relief can be granted. In considering a motion to dismiss under Rule 12(b)(6), a court must accept the factual allegations of the complaint as true and evaluate all inferences derived from those facts in the light most favorable to the plaintiff. *See Erickson*, 551 U.S. at 94. Conclusory allegations, unwarranted factual deductions, or legal conclusions masquerading as facts, however, are not entitled to the assumption of truth. *See Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009); *Davila v. Delta Air Lines, Inc.*, 326 F.3d 1183, 1185 (11th Cir. 2003).

**1. Pattern and Practice Discrimination (Count III)**

Verizon Wireless argues that, as a matter of law, Plaintiff's claim for pattern and practice discrimination fails because an individual plaintiff cannot sustain a claim for pattern and practice discrimination. (Doc. 6 at 2-3). As this Court has previously recognized, "'every court that has explicitly addressed the issue has held that pattern or practice cases are limited to actions brought by the Government (including the Equal Employment Opportunity Commission) or to claims brought as class actions.' However, a plaintiff is not necessarily 'precluded from offering relevant statistical evidence to show a "pattern-or-practice" of racial discrimination to bolster their individual prima facie cases, or to show that the [employer's] reasons for a particular adverse employment decision were pretexual.'" *Rasor v. Rice*, No. 8:04-cv-2060-T-30MAP, 2005 WL 2978332, at *1 (M.D. Fla. Nov. 7, 2005) (quoting *NAACP v. Fla. Dep't of Corrs.,* No. 5:00-cv-100-Oc-10GRJ, 2002 WL 34420335, at *4 (M.D. Fla. Aug. 23, 2002)).

Plaintiff argues that she is not attempting to pursue a pattern and practice discrimination claim as an individual claim for relief. (Doc. 12). Rather, she asserts that the claim is merely included to provide Verizon Wireless notice that she intends to use pattern and practice evidence to establish her prima facie cases of discrimination. Because Plaintiff concedes that she cannot assert a stand-alone claim for pattern and practice discrimination and she has provided no authority for the proposition that the claim should be permitted to stand as evidence, Plaintiff will not be prejudiced by dismissal of Count III. The Court will, however, provide Plaintiff leave to amend her complaint to include the relevant facts demonstrating a pattern or practice of discrimination in support of her individual claims for discrimination.

## 2. Intentional Infliction of Emotional Distress ("IIED")

Verizon Wireless contends that Plaintiff's claim for IIED should be dismissed because Plaintiff's allegations are insufficient to demonstrate outrageous conduct. (Doc. 6 at 4-6). Florida recognizes an independent cause of action for IIED. *See Metropolitan Life Ins. Co. v. McCarson*, 467 So. 2d 277, 278 (Fla. 1985). In order to state a cause of action for IIED, a plaintiff must demonstrate: (1) the defendant acted recklessly or intentionally; (2) the defendant's conduct was extreme and outrageous; (3) the defendant's conduct caused the plaintiff's emotional distress; and (4) plaintiff's emotional distress was severe. *Johnson v. Thigpen*, 788 So. 2d 410, 412 (Fla. 1st DCA 2001). Florida courts have defined "outrageous" to mean "conduct . . . so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious and utterly intolerable in a civilized community." *Id.* at 412-413 (internal quotation marks omitted).

Whether a defendant's conduct is outrageous and utterly intolerable in a civilized community, and thus may form the basis for a claim for intentional infliction of emotional distress, is a matter of law for the court. *Id.* Plaintiff has failed to allege that Mr. Sloan's conduct was outrageous, and further, has failed to identify any conduct of Mr. Sloan's that could be considered outrageous or beyond bounds of decency or utterly intolerable.

Even when read in the light most favorable to Plaintiff, the conduct alleged is not sufficient to state a cause of action for IIED. Florida courts have consistently dismissed cases alleging discriminatory and offensive behavior and language against individuals, particularly in the workplace.[2] *See e.g. Ponton v. Scarfone*, 468 So. 2d 1009, 1010 (Fla. 2d DCA 1985) (utterances designed to induce employee to join in a sexual liaison did not meet the threshold required to establish IIED); *see also Hare v. Citrus World, Inc.*, 39 F. Supp. 2d 1365, 1369 (M.D. Fla. 1999) ("[P]recedent on the tort of intentional infliction of emotional distress, especially within the employment context, reveals an unwillingness by Florida courts to allow a plaintiff to proceed on this theory."); *Ball v. Heilig-Meyers Furniture Co.*, 35 F. Supp. 2d 1371, 1375-76 (M.D. Fla. 1999) (dismissing IIED claim where plaintiff alleged her employment was conditioned upon her submission and acquiescence to the manager's sexual advances, vulgar language and comments, and physical contact with breasts and between manager's genitalia and plaintiff's posterior); *Lay v. Roux Labs., Inc.*, 379 So. 2d 451, 452 (Fla. 1st DCA 1980) (affirming dismissal of

---

[2] In her response to Verizon Wireless's motion to dismiss, Plaintiff cites to case law from jurisdictions outside of Florida. (Doc. 12 at 10-11). In light of the overwhelming case law from Florida on this claim, those cases are unpersuasive.

the plaintiff's complaint alleging that the plaintiff's supervisor threatened the plaintiff with her job, used humiliating language and verbal attacks, and called the plaintiff a "n**ger").

In cases where Florida courts have permitted a plaintiff to move forward with an IIED claim, they often involve threats of death, rape, or severe bodily harm to the plaintiff or family members of the plaintiff.  *See Thigpen*, 788 So. 2d at 413; *Nims v. Harrison*, 768 So. 2d 1198 (Fla. 1st DCA 2000) (finding allegations that involved death threats and threats to rape the plaintiff's children and other family relatives sufficient to demonstrate outrageous conduct).  Therefore, the Court concludes that Plaintiff fails to state a cause of action for IIED.

## **CONCLUSION**

Accordingly, it is therefore **ORDERED AND ADJUDGED** that:

1.  Defendant Cellco Partnership's Motion to Dismiss Counts III and VI of the Complaint (Doc. 6) is GRANTED.

2.  Count III is DISMISSED with prejudice.

3.  Count VI is DISMISSED without prejudice.

4.  Within fourteen (14) days of the date of this Order, Plaintiff may amend her complaint to include factual allegations of a pattern and practice of discrimination in support of her remaining claims for discrimination and may amend Count VI.

**DONE** and **ORDERED** in Tampa, Florida, this 15th day of January, 2016.

*/s/ James S. Moody, Jr.*
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Case 5:15-cv-00529-JSM-PRL   Document 21   Filed 01/15/16   Page 7 of 7 PageID 239

**<u>Copies furnished to:</u>**
Counsel/Parties of Record